UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN D. KING,

     Plaintiff,

v.                                    CASE NO. 6:14-cv-1171-T-23EAJ

UNITED STATES GOVERNMENT,

     Defendant.

_____/

## ORDER

In an earlier action, John King, as relator, sued several defendants under the False Claims Act.  Although an order dismisses King's *qui tam* action with prejudice as a sanction for King's misconduct, the complaint in this action alleges that the United States settled the earlier action — without King's knowledge and before the dismissal — for approximately $8 million "in cash, plus other non-cash recoveries." (Doc. 13 ¶ 11)  In this action, King sues (Doc. 13) the United States under 31 U.S.C. § 3730(c)(5) for fifteen to twenty-five percent of the *qui tam* settlement (plus costs and fees).  Invoking sovereign immunity, the United States moves (Doc. 18) to dismiss.

Under Section 3730(c)(5), a relator has the "same rights" in an alternative proceeding as the rights Section 3730 otherwise grants the relator:

> [T]he Government may elect to pursue its claim through any alternate remedy available to the Government . . . . If any such alternate remedy

> is pursued in another proceeding, the person initiating the action shall
> have the same rights in such proceeding as such person would have
> had if the action had continued under this section.

King argues that, during the pursuit of an alternative remedy, the United States

negotiated a settlement and that King deserves a portion of that settlement.  Under

Section 3730(d)(1), which King fails to cite but on which King apparently relies, "[i]f

the Government proceeds with [a *qui tam*] action brought by a person . . . , such

person shall . . . receive at least 15 percent but not more than 25 percent of the

proceeds of the . . . settlement of the claim . . . ."  Section 3730(c)(5) and

Section 3730(d)(1) together allegedly support King's claim for fifteen to twenty-five

percent of the settlement.

The United States argues that King cannot sue the United States under the

False Claims Act because the False Claims Act contains no waiver of sovereign

immunity.  King responds, "It defies logic for Congress to have enacted

[Section 3730(d)(1)] without explicitly authorizing a judicial remedy by which an

affected relator could vindicate his or her rights under that section.  Were that not the

case, passage of the section would be meaningless."

"Sovereign immunity acts as a jurisdictional bar that shields the federal

government from suits to which it has not consented."  *In re Custom Contractors, LLC*,

745 F.3d 1342, 1347 (11th Cir. 2014).  "A waiver of the Federal Government's

sovereign immunity must be unequivocally expressed in statutory text and will not be

implied."  *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted).

King's argument against sovereign immunity relies on an implication that King attributes to Sections 3730(c)(5) and (d)(1).  However, even if one assumes the presence of King's attributed implication, Congress cannot waive sovereign immunity by implication, and the False Claims Act includes no express waiver of sovereign immunity.[1]  *Shaw v. United States*, 213 F.3d 545, 549 (10th Cir. 2000) (Murphy, J.) ("There is no express waiver of sovereign immunity in the [False Claims Act.]"); *Pentagen Techs. Int'l Ltd. v. United States*, 103 F. Supp. 2d 232, 236 (S.D.N.Y. 2000) (Sprizzo, J.) (holding that the False Claims Act contains no waiver of sovereign immunity and that, "to the contrary, the False Claims Act provides that any person who violates the Act will be 'liable to the United States Government'" (quoting 31 U.S.C. § 3729(a)); *see also Campbell v. U.S. Dep't of Educ.*, 2010 WL 2605803, at *3 (S.D. Cal. June 28, 2010) (Sammartino, J.) ("[T]he Court has independently researched this claim and finds that the federal government has not waived sovereign immunity for purposes of the False Claims Act."); *Daly v. Dep't of Energy*, 741 F. Supp. 202, 206 (D. Colo. 1990) (Carrigan, J.) ("Sub-section 3730(h), does not unequivocally express Congressional intent to waive sovereign immunity.").

For the reason that the action is barred by sovereign immunity and for the other reasons explained by the United States, the United States' motion (Doc. 18) to

---

[1] "Plaintiffs bear the burden of showing Congress's unequivocal waiver of sovereign immunity." *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009) (King, J.). King cites only Section 3730(c) and, implicitly, Section 3730(d)(1), neither of which waives sovereign immunity. This order need not consider any other section of the False Claims Act.

dismiss is **GRANTED**.  The complaint is **DISMISSED**.  No later than **APRIL 1, 2015**, King may amend the complaint.  If King fails to timely amend the complaint, an order will dismiss this action with prejudice.

ORDERED in Tampa, Florida, on March 20, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE